IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRENCE GRAHAM<br>743 Fern Street<br>Darby, PA 19023<br><br>   *Plaintiff,*<br><br>   vs.<br><br>XFINITY LIVE<br>1600 Patterson Avenue<br>Philadelphia, PA 19023<br><br>   *Defendant.* | CIVIL ACTION<br><br>NO. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby files the following Complaint against Defendant:

### INTRODUCTION

1. Plaintiff initiates this action to seek redress against Defendant, his employer, for unlawful age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*, and other applicable federal and state law.

### PARTIES

2. Plaintiff is Terrence Graham, an adult individual currently residing at the above address.

3. Defendant, Xfinity Live, is a corporation that is believed and therefore averred to have been created and existing pursuant to the laws of the State of Delaware with a place of business at the above address.

4. At all times relevant hereto, Defendant acted by and through its agents, servants, and employees, each of whom, at all times relevant, acted within the scope of his or his job duties.

5. Defendant is an "employer" within the meaning of the Age Discrimination in Employment Act because it is engaged in an industry affecting commerce and because it maintains or maintained twenty ("20") or more employees for each working day in each of twenty ("20") or more calendar weeks in the current or preceding calendar year.

6. Defendant also maintains a sufficient number of employees to satisfy the jurisdictional prerequisites of the Pennsylvania Human Relations Act (requiring four or more employees).

## JURISDICTION and VENUE

7. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

8. The Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme

Court of the United States in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

9.  The United States District Court for the Eastern District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

10. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction in that they form part of the same case or controversy.

11. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant is located in and conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (Plaintiff was employed in the Eastern District of Pennsylvania at the time of the illegal actions set forth herein).

### PROCEDURAL and ADMINISTRATIVE REMEDIES

12. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

13. Plaintiff has satisfied the procedural and administrative requirements for proceeding with an action under the ADEA and the PHRA.

14. Plaintiff filed timely written charges of discrimination with the Philadelphia office of the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission alleging discrimination on or around November 28, 2012 (No. 530-2013-00666).

15. The instant action is timely because it is initiated at least ninety ("90") days after the issuance of a Right to Sue Letter by the EEOC as required by applicable federal law.

16. Plaintiff has exhausted his federal and state administrative remedies as to the allegations of the instant Complaint.

## FACTUAL BACKGROUND

17. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

18. At the time he filed his EEOC complaint, Plaintiff was 44 years old.

19. While employed by Defendant, Plaintiff was one of the oldest and most experienced employees of Defendant.

20. Plaintiff was initially hired as a maintenance worker and landscaper.

21. Plaintiff had at least 15 years of experience in those areas.

22. Defendant had a drainage problem and no one could solve it.

23. Plaintiff submitted a solution for the drainage problem on or about August 6, 2012.

24. Instead of permitting Plaintiff to be involved with this project he submitted, Defendant took Plaintiff's suggestions, his plan and circumvented him entirely.

25. In the process of cutting Plaintiff out of the project, Defendant reduced Plaintiff's hours.

26. Additionally, Plaintiff complained about harassment by his supervisor, William Bullick on or about August 25, 2012 and was suspended for two weeks thereafter.

27. Plaintiff had a meeting, on or about September 12th 2012 with Chris Stevens, Andy Simpson and "Ms. Maritsa" regarding his allegations.

28. Plaintiff's last day of work was October 28, 2012 wherein his hours were significantly reduced.

29. Plaintiff was terminated over the phone on November 12, 2012 by Doug Darnaski.

30. Plaintiff was pretextually terminated because he was the oldest employee doing his job.

31. Other individuals who replaced Plaintiff were much younger.

## COUNT I
### Age Discrimination in Employment Act – Age Discrimination

32. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

33. By virtue of his age, Plaintiff is in the class of persons protected by the Age Discrimination in Employment Act of 1967.

34. The foregoing conduct, in discriminating against Plaintiff because of his age, constitutes unlawful age discrimination against Plaintiff.

35. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

## COUNT III
### Pennsylvania Human Relations Act
### Age and Gender Discrimination

36. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

37. The foregoing age discrimination by Defendant also violates the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*.

38. As a result of Defendant's violations of the Pennsylvania Human Relations Act, Plaintiff has suffered damages, as set forth herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in his favor and against Defendant and that it enter an Order as follows:

a. Defendant is to be permanently enjoined from discriminating or retaliating against Plaintiff on any basis prohibited under applicable federal and state law;

b. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating or retaliating against employees based on any basis prohibited under applicable federal and state law and be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

c. Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination at the hands of Defendant until the date of verdict;

d. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to his by Defendant's actions as permitted by applicable law;

e. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct, and to deter Defendant or any other employees from engaging in such misconduct in the future;

f.  Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

g.  Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

h.  Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

i.  Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure Defendant does not engage – or ceases engaging - in illegal retaliation against Plaintiff or other witnesses to this action;

j.  The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

k.  Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of the Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KOLMAN ELY, P.C.**

_____
Timothy M. Kolman, Esquire
Wayne A. Ely, Esquire
W. Charles Sipio, Esquire
414 Hulmeville Avenue
Penndel, PA 19047
(T) 215-750-3134 / (F) 215-750-3138
tkolman@kolmanlaw.net
wely@kolmanlaw.net
wcsipio@kolmanlaw.net

*Attorneys for Plaintiff*

Dated: March 4, 2014